In the Matter of MURRAY SELTZER, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, March 22, 1988

**APPEARANCES OF COUNSEL**

*Michael A. Gentile* for petitioner.

No appearance on behalf of respondent.

**OPINION OF THE COURT**

Per Curiam.

Respondent Murray Seltzer was admitted to practice as an

attorney and counselor-at-law in the State of New York by the Appellate Division, First Department, on March 12, 1956.

Petitioner Departmental Disciplinary Committee moves for an order pursuant to 22 NYCRR 603.16 (b) (1) suspending respondent from the practice of law on the ground that he is incapacitated from continuing to practice law by reason of physical and mental infirmity. Petitioner also requests that Fabiola A. Felix, Esq., be appointed conservator to inventory respondent's files and to take such other action as necessary to protect the interests of both respondent and his clients (22 NYCRR 603.16 [d] [1]).

Beginning on February 23, 1987, the Departmental Disciplinary Committee received eight complaints of professional misconduct against respondent. In each instance, the aggrieved client alleged that he or she retained respondent, that respondent neglected or otherwise failed to pursue the matter in question and that it became impossible to contact him. Several complainants reported that respondent's office had been closed and his telephone disconnected. In addition, the Departmental Committee was advised by Gregory Peck, Esq., a friend and former professional associate of respondent, and respondent's daughter, Leslie Seltzer, that respondent is gravely ill and possesses greatly diminished mental capacity as a result of brain surgery and subsequent radiation treatment and that it is highly unlikely that he will ever be able to resume the practice of law. The Committee has received copies of medical reports confirming that respondent underwent surgery on April 23, 1987 and July 6, 1987 and that radiation therapy was thereafter administered to him.

Following the receipt of the foregoing information, the Committee contacted the Bronx County Bar Association to seek its assistance in locating a conservator for respondent's files and to take other steps necessary to the protection of respondent's interest and that of his clients. As a consequence of that inquiry, attorney Fabiola A. Felix agreed to serve as conservator.

The submission of respondent's medical records, his daughter's statement concerning his incapacitation, along with the entirety of the record herein, sufficiently establish respondent's physical and mental inability to continue the practice of law.

Accordingly, the motion by the Departmental Disciplinary Committee for an order suspending respondent from the prac-

tice of law for an indefinite period and until further order of this court and appointing Fabiola A. Felix, Esq., as conservator of respondent's files and to take such other action necessary and appropriate to protect the interests of respondent and his clients is granted, effective immediately.

KUPFERMAN, J. P., SULLIVAN, ASCH, MILONAS and KASSAL, JJ., concur.

Respondent is suspended from practice as an attorney and counselor-at-law in the State of New York, due to incapacity to so act, for an indefinite period, effective immediately.