In the Matter of ALLEN J. BODNER, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, August 2, 1990

### APPEARANCES OF COUNSEL

*Charles M. Guria* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance on behalf of respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Allen J. Bodner was admitted to the practice of

law in New York by the Appellate Division, Second Judicial Department, on March 20, 1964. At all times relevant herein, respondent maintained an office for the practice of law within the First Judicial Department.

Petitioner Departmental Disciplinary Committee seeks an order, pursuant to 22 NYCRR 603.16 (b) (1) and (c) (1), immediately and indefinitely suspending respondent from the practice of law until further order of this court, upon the ground that respondent is incapacitated from continuing to practice law by reason of physical or mental infirmity or illness.

In support of this petition the Committee asserts that on August 22, 1989 it received a complaint from Charles A. Stillman, an attorney representing Meir Teper. The complaint alleged that respondent, while acting as attorney for Mr. Teper, converted funds entrusted to respondent in the amount of $370,670. Attorney Stillman provided the Committee with a copy of a letter by respondent to Mr. Teper, dated May 26, 1989, in which respondent admitted his indebtedness to Mr. Teper and indicated that he would repay $350,000, with interest, on or before August 17, 1989. Attorney Stillman stated that although respondent executed an affidavit of confession of judgment in the amount of $370,670.19, he had not repaid the funds.

On August 28, 1989, the Committee forwarded the complaint to respondent. By letter of October 4, 1989, Benjamin Brafman, as attorney for respondent, answered the complaint. Through his counsel, respondent admitted that he converted $370,000 belonging to Mr. Teper and that he executed a confession of judgment. His counsel advised the Committee that a $350,000 mortgage had been filed on respondent's personal residence, the sale of which would hopefully serve to reimburse Mr. Teper. Respondent's counsel further indicated that respondent was suffering from serious emotional and mental illness. Respondent was at that time hospitalized for psychiatric treatment at the Westchester Division of New York Hospital after being diagnosed as a "manic depressive with anxiety, hyperphagia and suicidal ideations." Based upon the foregoing, respondent's counsel suggested that a period of voluntary withdrawal from the practice of law for mental incompetency would be appropriate.

Thereafter, in January 1990 respondent's counsel provided the Committee with three letters from psychiatrists confirming that respondent had been confined at Lenox Hill Hospital

and at New York Hospital between August and December 1989 following two attempts at suicide. These letters confirmed that respondent had been psychiatrically impaired for many years by undiagnosed manic-depressive illness and that this condition severely impairs his judgment.

On February 15, 1990, respondent's counsel provided the Committee with a letter dated February 7, 1990 from respondent's treating psychiatrist, Dr. Marvin Kaplan. In this letter Dr. Kaplan reported that following his release from New York Hospital on December 14, 1989, respondent commenced twice weekly psychotherapy sessions and uses prescribed medication daily. Dr. Kaplan indicated that, although he is no longer actively suicidal, respondent remains seriously impaired with continued mood swings and poor judgment. Dr. Kaplan concluded by stating that respondent's "long term prognosis cannot be determined as it depends on his response to treatment; for the immediate future he remains ill with manic-depressive illness."

Respondent's answer to the complaint, and the medical and other documentation submitted to the Committee sufficiently establish respondent's physical and mental inability to continue the practice of law at this time. (22 NYCRR 603.16 [b] [1]; *Matter of Seltzer,* 136 AD2d 83 [1st Dept 1988].)

Accordingly, the motion by the Departmental Disciplinary Committee for an order suspending respondent from the practice of law for an indefinite period and until further order of this court should be granted, effective immediately.

KUPFERMAN, J. P., ROSS, ELLERIN, WALLACH and SMITH, JJ., concur.

Respondent is suspended from practice as an attorney and counselor-at-law in the State of New York, effective immediately, for an indefinite period, and until the further order of this court.