In the Matter of MITCHELL EISENSTAT, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 11, 1992

### APPEARANCES OF COUNSEL

*Naomi F. Simon* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

*Marjorie J. Peerce* of counsel *(Stillman, Friedman & Shaw, P. C.,* attorneys), for respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent Mitchell Eisenstat was admitted to the practice

of law in New York by the Second Judicial Department on April 30, 1980. At all times relevant herein respondent has maintained an office for the practice of law within the First Judicial Department.

On October 9, 1991, the petitioner Departmental Disciplinary Committee served upon the respondent a notice and statement of charges. The Committee charged respondent with, *inter alia,* disregarding a court order, converting estate funds, charging excessive fees, neglecting four cases entrusted to him, failing to satisfy two outstanding judgments and failing to cooperate with the Committee in its investigation of complaints filed against him. In the course of investigating these charges, it was brought to the Committee's attention that the respondent was suffering from severe depression which, it was alleged, substantially interfered with the respondent's ability to adequately defend himself. Committee staff interviewed respondent's psychologist and treating physician, and the Committee is satisfied that respondent is incapacitated from assisting in his defense.

By petition dated January 23, 1992, the Committee seeks an order pursuant to 22 NYCRR 603.16 (c) (1) immediately suspending respondent from the practice of law for an indefinite period, and until further order of this court, upon the ground that the respondent is suffering from a disability by reason of mental infirmity or illness which makes it impossible for him to adequately defend himself against the pending charges *(see, Matter of Bodner,* 160 AD2d 75). The respondent consents to entry of such an order.

Accordingly, the motion by the Departmental Disciplinary Committee for an order suspending respondent from the practice of law for an indefinite period and until further order of this court should be granted, effective immediately.

MURPHY, P. J., CARRO, WALLACH, ROSS and SMITH, JJ., concur.

Respondent is suspended from practice as an attorney and counselor-at-law in the State of New York, effective immediately, for an indefinite period, and until the further order of this court.