[613 NYS2d 621]

In the Matter of DEBORAH M. JORDAN, an Attorney, Respondent. DEPARTMENTAL DISCIPLINARY COMMITTEE FOR THE FIRST JUDICIAL DEPARTMENT, Petitioner.

First Department, June 21, 1994

### APPEARANCES OF COUNSEL

*Jeremy S. Garber* of counsel *(Hal R. Lieberman,* attorney), for petitioner.

No appearance on behalf of respondent.

### OPINION OF THE COURT

Per Curiam.

Respondent, Deborah M. Jordan, was admitted to the practice of law in New York by the First Judicial Department on

June 14, 1983. Respondent was employed in an office for the practice of law within the First Judicial Department until April 1, 1993 when her employment was terminated and she voluntarily withdrew from practice.

By petition dated February 15, 1994, the Departmental Disciplinary Committee is seeking an order pursuant to 22 NYCRR 603.16 (b) (1) suspending respondent from the practice of law on the ground of incapacity due to mental infirmity or illness for an indefinite period and until further order of this Court.

On February 22, 1994, respondent's counsel was served by mail with a copy of the Committee's petition to suspend respondent from the practice of law. To date neither respondent's counsel nor respondent has interposed a response to this petition.

22 NYCRR 603.16 (b) (1) provides in pertinent part as follows: "(1) Whenever the Departmental Disciplinary Committee shall petition this court to determine whether an attorney is incapacitated from continuing to practice law by reason of physical or mental infirmity or illness or because of addiction to drugs or intoxicants, this court may take or direct such action as it deems necessary or proper to determine whether the attorney is so incapacitated, including examination of the attorney by such qualified experts as this court shall designate. If, upon due consideration of the matter, this court is satisfied and concludes that the attorney is incapacitated from continuing to practice law, it shall enter an order suspending him on the ground of such disability for an indefinite period and until further order of this court and any pending disciplinary proceedings against the attorney shall be held in abeyance."

In the case at bar, prior to the Committee filing this petition, respondent submitted an affidavit in which she admits that she suffers from severe chronic depression and that her condition has caused her to engage in serious professional misconduct. In addition, a written report from respondent's treating psychiatrist dated January 24, 1994 indicates that respondent is presently mentally incapacitated to an extent and degree requiring that she not resume the practice of law until her "fragile condition" changes. Said affidavit and report and the fact that no opposition has been interposed to this petition sufficiently establish respondent's inability to continue the practice of law at this time. *(See, Matter of Deull,*

180 AD2d 366 [1st Dept 1992]; *Matter of Bodner,* 160 AD2d 75 [1st Dept 1990]; *Matter of Seltzer,* 136 AD2d 83 [1st Dept 1988].)

Accordingly, the Committee's petition for an order pursuant to 22 NYCRR 603.16 (b) (1) suspending respondent from the practice of law, effective immediately and for an indefinite period, and until further order of this Court, upon the ground that respondent is incapacitated by reason of mental infirmity, is granted.

SULLIVAN, J. P., ASCH, NARDELLI, WILLIAMS and TOM, JJ., concur.

Petition granted and respondent suspended from practice as an attorney and counselor-at-law in the State of New York for an indefinite period, effective immediately, and until the further order of this Court.